UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**KELLY LYNNE LEA,**

   Plaintiff,

v.                                        No. 4:21-cv-0988-P

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

   Defendant.

## ORDER

Kelly Lynne Lea ("Plaintiff") filed this action under Section 405(g) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). Subsequently, the United States Magistrate Judge issued Findings, Conclusions, and Recommendations ("FCR") recommending that the Court affirm the Commissioner's decision. ECF No. 23. After reviewing the FCR de novo, the Court **AFFIRMS** the Commissioner's decision, **ADOPTS** the reasoning in the Magistrate Judge's FCR, and **OVERRULES** Plaintiff's Objections (ECF No. 25).

## BACKGROUND

Plaintiff has dealt with depression, anxiety, panic attacks, agoraphobia, and post-traumatic stress disorder since 1999. ECF No. 20 at 3. As a result, in October 2017, Plaintiff protectively applied for a period of disability and DIB, alleging that her disability began on October 1, 2002. Plaintiff's application was both denied initially and upon reconsideration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). On April 11, 2019, the ALJ held a hearing, and on January 31, 2020, the ALJ found that Plaintiff was not disabled within the meaning of the SSA. Although the ALJ found

Plaintiff had an affective disorder, anxiety disorder, and post-traumatic stress disorder before March 31, 2013, it found she did not have an impairment that met the criteria for DIB. Shortly after, Plaintiff filed a request for review of the ALJ's decision to the Appeals Council. On October 7, 2020, the Appeals Council denied Plaintiff's request, leaving the ALJ's decision to stand as the final decision of the Commissioner. Plaintiff then filed this action under Section 405(g) of Title 42 of the United States Code for judicial review. ECF No. 1. The Magistrate Judge issued its FCR, and Plaintiff timely objected. The Court now reviews the matter de novo.

## LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed de novo if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.*

## ANALYSIS

### A. Review of Magistrate Judge's Recommendation

The Court adopts and accepts the reasoning in the Magistrate Judge's FCR regarding Plaintiff's complaint and reviews Plaintiff's two objections in the order they were raised.

### B. Plaintiff's Objections

1. <u>Good-Cause Objection</u>

Plaintiff's first objection is that the Magistrate Judge erroneously found that she did not demonstrate good cause for not providing new evidence during the administrative proceedings because she was not represented by an attorney during the administrative proceedings. The Magistrate Judge's FCR adequately addresses this objection:

> To begin with, the fact that Plaintiff obtained an attorney after the administrative proceedings does not constitute good cause for a remand. *See, e.g., Geyen v. Sec'y of Health and Hum. Servs.*, 850 F.2d 263, 264 (5th Cir. 1988) (refusing to remand case just because claimant hired "a new lawyer with a new idea"); *Albritton v. Astrue*, No. 3-10-

2

> CV-1860-bd, 2012 WL 1019610, at *8 (N.D. Tex. Mar. 27, 2012)("That plaintiff hired a new lawyer after the denial of his first application for SSI benefits does not constitute 'good cause' for a remand.").

Plaintiff does not object to the Magistrate Judge's reasoning or cited authority shown above. As a result, the Court need not address Plaintiff's objection to a subsequent reason stated by the Magistrate Judge. The Court thus overrules Plaintiff's first objection.

### 2. ALJ's Compliance with the Applicable Regulatory Criteria

Plaintiff's second objection is that the Magistrate Judge erroneously concluded that the ALJ did not harmfully fail to comply with the regulatory criteria for evaluating the persuasiveness of the prior administrative medical findings of Dr. Campa.

The ALJ must "articulate in [his] determination or decision how persuasive [he] find[s] all of the medical opinions" in an applicant's case record. § 404.1520c(b). His articulation must attend to several factors, of which the "most important" are an opinion's "supportability" and "consistency." *Id.* § 404.1520c(b)(2). Supportability depends on how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)." *Id.* § 404.1520c(c)(1). Consistency orients the opinion "with the evidence from other medical sources and nonmedical sources in the claim." *Id.* § 404.1520c(c)(2). The more supported and consistent a medical opinion is, the more persuasive it is. *Id.* § 404.1520c(c)(1)-(2). Accordingly, the ALJ "will explain how [he] considered the supportability and consistency factors for a medical source's medical opinions." *Id.* § 404.1520c(b)(2). But he need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." *Id.* § 404.1520c(a).

The Magistrate Judge stated that "it is questionable whether the ALJ properly evaluated SAMC Campa's opinions under the supportability and consistency factors set forth in 20 C.F.R. § 404.1520c(b)(2)." FCR at 11. The Magistrate Judge, however, reasoned that "because any error made by the ALJ in evaluating SAMC Campa's opinion does not cast into doubt the existence of substantial evidence to

3

support the ALJ's decision, . . . such error is harmless and remand is not required." The Court agrees.

The "harmless error rule" counsels against reversal unless the error caused harm. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Harmful error occurs where "the substantial rights of a party have been affected." *Id.* By contrast, harmless error "exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021). "The major policy underlying the harmless error rule is to preserve judgments and avoid waste of time." *Mays*, 837 F.2d at 1364.

Plaintiff contends that an ALJ's failure to comply with the requirements of 20 C.F.R. § 404.1520c(b)(2) is always harmful error. In doing so, she relies on *Guy v. Commissioner of Social Security* for the assertion that an ALJ's decision must be reversed when it fails to apply the appropriate regulatory framework. No. 4:20-CV-1122-O-BP, 2022 WL 1008039, at *3 (N.D. Tex. Mar. 22, 2022), report and recommendation adopted, 2022 WL 1004241 (N.D. Tex. Apr. 4, 2022).

Plaintiff is correct in her reading of the law but not in pushing its applicability to the ALJ's consideration here. In *Guy*, the ALJ's consideration of the medical opinion at issue was that of a mere acknowledgment of its existence based on its form as a check-box questionnaire. *Id.* at *4. As the Magistrate Judge notes here, "it is clear that the ALJ did consider SAMC Campa's opinion and found it 'partially persuasive' as the ALJ adopted portions of it in his decision." ECF No. 23 at 11.[1] Plaintiff conflates adequacy of the explanation with using an entirely improper legal framework. The Magistrate Judge even continues that "the ALJ did make several inaccurate statements," including whether there was an adequate evaluation under the supportability or consistency factors. *Id.* at 10–11. But the problem is depth, not form, as was the case in *Guy*. Such "[p]rocedural perfection [as Plaintiff desires] in administrative proceedings is not required." *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988). There have never

---

[1]In addition, the Magistrate Judge further explains ways in which SAMC Campa's opinion was co-opted in the ALJ's decision, which also evidences consideration of it. *See* ECF No. 23 at 11.

4

been formalistic rules governing how an ALJ must articulate his decision, *see Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994), even in light of the recent rule changes affecting the ALJ's evaluative framework for medical opinions. *See Walsh v. Comm'r of Soc. Sec.*, No. 4:21-CV-00552-O-BP, 2022 WL 2874710, at *6 (N.D. Tex. July 7, 2022), report and recommendation adopted, 2022 WL 2872498 (N.D. Tex. July 21, 2022). Just because the ALJ's decision did not specifically employ the terms "supportability" and "consistency" does not mean that an improper legal framework was applied. *See Walsh*, 2022 WL 2874710, at *5. Instead, while Plaintiff's argument possesses some merit as to the adequacy of the ALJ's explanation regarding the supportability and consistency factors (as the Magistrate Judge noted), a parsing of the ALJ's reasoning reveals that the proper legal framework was applied at least to the extent that meaningful judicial review is possible.

"Perhaps he could have written more, but it appears certain that a more extensive explanation would not have changed his conclusion that [SAMC Campa's] opinion did not persuade him. The harmless error rule counsels against reversal in such an instance." *Walsh*, 2022 WL 2874710, at *6. As such, insofar as the ALJ erred in the adequacy of his evaluation of SAMC Campa's opinion, there is no indication the error harmed Plaintiff's substantial rights.

## CONCLUSION

After reviewing the FCR de novo, the Court **AFFIRMS** the Commissioner's decision, **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 23), and **OVERRULES** Plaintiffs' Objection (ECF No. 25). Plaintiff's claims are thus **DISMISSED with prejudice**.

**SO ORDERED** on this **31st day** of **March 2023.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE